**INSTITUTO NACIONAL DE COMERCIALIZACION AGRICOLA (INDECA), Plaintiff,**

v.

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, et al., Defendants.**

**No. 81 C 1934.**

United States District Court, N. D. Illinois, E. D.

Sept. 4, 1981.

Dennis C. Waldon, Gerald Niederman, Roan & Grossman, for defendant Tucker.

Robert L. Tucker, Tucker & Watson, Chicago, Ill., for defendants Deborah Bell and Rumex Intern.

Richard Wynn, Rochman, Platzer & Fallick, New York City, for defendant Thomas Lipani.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Indeca, a quasi-national corporation organized under Guatemalan law, has as part of its responsibility the purchase of foodstuffs and agricultural staples for the Gua-temalan people on international markets. It sues defendants for an allegedly fraudulent scheme involving the purported sale of 6,000 metric tons of black beans. Defendants Deborah Bell, Rumex International and Robert Tucker move under Fed.R. Civ.P. ("Rule") 37 for an order compelling defendant Thomas J. Lipani ("Lipani") to answer certain questions at his deposition. For the reasons stated in this memorandum opinion and order their motion is denied.[1]

At his June 1, 1981 deposition Lipani invoked his Fifth Amendment privilege against self-incrimination and refused to answer any questions. Such refusal to answer could not be contested but for the fact that Lipani had earlier testified about the same matters before a grand jury *without* asserting the Fifth Amendment. Defendants contend that Lipani's earlier failure waived his right to claim the privilege at the deposition.

Although our Court of Appeals has yet to address the question, the prevailing view is that failure to invoke the Fifth Amendment in one proceeding does *not* waive a person's right to claim the privilege in a later one. *United States v. James*, 609 F.2d 36, 45 (2d Cir. 1979) (grand jury proceedings); *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979) (same); *United States v. Yurasovich*, 580 F.2d 1212, 1219 (3d Cir. 1978) (same); *United States v. Cain*, 544 F.2d 1113, 1117 (1st Cir. 1976) (other criminal proceedings). Defendants rely on the one case to adopt a contrary position, *Ellis v. United States*, 416 F.2d 791 (D.C.Cir.1969). *Ellis* denied a witness the right to assert the Fifth Amendment during a trial when he had voluntarily testified before the grand jury that issued the indictment that led to the trial. This Court finds *Ellis* and defendants' corresponding position unpersuasive, certainly in the context of a deposition.

As the Fifth Amendment's language indicates, it comes into play whenev-

---

1. Other questions raised by defendants are dealt with briefly in the Conclusion section of this opinion.

er any possibility exists that a witness might be subjected to prosecution. *In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 871–72 (7th Cir. 1979) ("any possibility of prosecution which is more than fanciful"). For that reason the waiver doctrine developed in cases where "the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness...." *Brown v. Walker*, 161 U.S. 591, 597, 16 S.Ct. 644, 647, 40 L.Ed. 819 (1896). Clearly Lipani remains in jeopardy of being prosecuted and thus comes within the majority rule as so justified.

*Ellis* took a different stance, basing its waiver theory on the notion that *repeating* such testimony would not subject the witness to any danger "provided he is not required to disclose matters of substance which are unknown to the Government." 416 F.2d at 801. At least in the present context *Ellis* can readily be distinguished on its facts. When a grand jury witness refuses to testify at the resulting criminal trial, the court encounters difficult problems (*id.* at 801–02):

> It would impede sound law enforcement if an implicated but cooperating witness can decide, after he has made disclosure to the grand jury, that he will refuse to testify at trial. The Government may have structured its case around this witness, and be unable at a late hour, often after jeopardy has attached, to recast an investigation. Leads that might have been explored in the past, with expenditure of much money and time, and were put aside with this witness's cooperation, may now be lost beyond retrieval. The witness may have obtained an effective immunity for himself, especially if the investigation ripened just before the expiration of the statute of limitations, and then be able to balk all prosecution. And even a cooperative witness may be made vulnerable, by a doctrine that gives him

choice, to the threats and blandishments of the defendant.

Those considerations are not presented by a witness such as Lipani who refuses to testify in a collateral civil action.

This Court finds the *Ellis* reasoning, even apart from the preceding discussion, uncompelling in a deposition situation. If a witness has anything more than a mere imaginary possibility of increasing the danger of prosecution he must be able to invoke the Fifth Amendment. *Rogers v. United States*, 340 U.S. 367, 374–75, 71 S.Ct. 438, 442–43, 95 L.Ed. 344 (1951). Were this Court to order Lipani to testify at a deposition, it would be most difficult to ensure that the scope of his testimony would be identical to that before the grand jury. Indeed even in the controlled environment of a trial it has been argued that there is a substantial basis for not subjecting a witness to the risk of further disclosure.[2] As one commentator pointed out in criticizing *Ellis*, McCormick on Evidence § 140 at 298 (1972):

> While in theory a witness may be subjected to no additional legal detriment, there is a reasonable possibility that in the process of rigorous examination and cross-examination he may make further damaging admissions because of confusion or excitement. As a practical matter, extending the waiver to trial testimony creates a danger of greater legal detriment.

## Conclusion

Defendants' motion to compel is denied. Accordingly defendants' prayer for payment of costs and expenses in traveling to the deposition and presenting this motion are denied. As for their alternate request for production of Lipani's grand jury transcript, in accordance with this District Court's Criminal Rule 1.04E that question is referred to Chief Judge Frank J. McGarr.[3]

**2.** That issue is of course not now before the Court, and its ruling on the deposition question in this opinion should not be understood as foreclosing the trial question.

**3.** Defendants had also asked that this Court review the Lipani grand jury testimony *in camera* as an aid to deciding the present motion. Because of the sanctity that attaches to grand jury proceedings, the members of this District

Court have drafted Rule 1.04E to bar access to themselves as well.